UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

THE ESTATE OF JOSHUA A. McLEMORE,
by and through its Administrator, MELITA L. LADNER,

       Plaintiff

v.                                     CASE NO.:  4:23-cv-00057-TWP-KMB

JACKSON COUNTY, INDIANA,
RICK MEYER, JACKSON COUNTY SHERIFF,
CHRIS EVERHART, JACKSON COUNTY JAIL COMMANDER,
SCOTT FERGUSON, MILTON EDWARD RUTAN, et. al.

       Defendants

## JACKSON COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Jackson County, Indiana, Rick Meyer, Chris Everhart, Scott Ferguson, and Milton Edward Rutan (collectively, "Jackson County Defendants"), by counsel, in Answer to the Plaintiff's Complaint, hereby state as follows:

### I.      INTRODUCTION

1. With regard to the allegations contained in paragraph 1 of Plaintiff's Complaint, the Jackson County Defendants admit Joshua McLemore died in the summer of 2021, admit McLemore was housed in solitary confinement at the Jackson County Jail, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2. The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.    With regard to the allegations contained in paragraph 6 of Plaintiff's Complaint, the Jackson County Defendants deny failing to intervene or secure needed medical or mental health care until "it was too late," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6.

7.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.    The Jackson County Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

## II.    JURISDICTION AND VENUE

9.    With regard to the allegations contained in paragraph 9 of Plaintiff's Complaint, the Jackson County Defendants admit this Court has federal question jurisdiction over this matter, but deny the merits of the allegations establishing that jurisdictional basis.

10. With regard to the allegations contained in paragraph 10 of Plaintiff's Complaint, the Jackson County Defendants admit this district is a proper venue, but deny the merits of Plaintiff's allegations.

## III.    PARTIES

11. With regard to the allegations contained in paragraph 11 of Plaintiff's Complaint, the Jackson County Defendants admit McLemore was a pre-trial detainee at the time of his incarceration at the Jackson County Jail in the summer of 2021, deny the Jackson County Defendants deprived McLemore of his constitutional rights, are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of Plaintiff's Complaint, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

12. The Jackson County Defendants admit the allegations contain in paragraph 12 of Plaintiff's Complaint.

13. With regard to the allegations contained in paragraph 13 of Plaintiff's Complaint, the Jackson County Defendants admit Defendant Rick Meyer is a resident of Indiana; admit Defendant Meyer is, and was at all times relevant to Plaintiff's Complaint, the Jackson County Sheriff; admit the Jackson County Sheriff is an officer elected pursuant to the Indiana Constitution; admit that, as the Jackson County Sheriff, Meyer has constitutionally imposed duties with regard to inmates within the Jackson County Jail; admit Sheriff Meyer is a final policymaker for the Jackson County Jail; deny Meyer breached any constitutional duty owed to McLemore regarding the conditions of confinement or the medical and mental health treatment McLemore was to receive while incarcerated in the Jackson County Jail; admit Meyer is sued in his individual capacity; admit the allegations in Plaintiff's Complaint allege matters occurring in

3

Indiana and in this judicial district, but deny the merits of those allegations; and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

14.     With regard to the allegations contained in paragraph 14 of Plaintiff's Complaint, the Jackson County Defendants admit Defendant Chris Everhart is a resident of Indiana; admit Defendant Everhart is, and was at all times relevant to Plaintiff's Complaint, the Jackson County Jail Commander; admit that, as the Jackson County Jail Commander, Everhart has constitutionally imposed duties with regard to inmates within the Jackson County Jail; admit Everhart is a policymaker for the Jackson County Jail; deny Everhart breached any constitutional duty owed to McLemore regarding the conditions of confinement or the medical and mental health treatment he was to receive while incarcerated in the Jackson County Jail; admit Everhart is being sued in his individual capacity; admit the allegations in Plaintiff's Complaint allege matters occurring in Indiana and in this judicial district, but deny the merits of those allegations; and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

15.     With regard to the allegations contained in paragraph 15 of Plaintiff's Complaint, the Jackson County Defendants admit Defendant Scott Ferguson is a resident of Indiana; admit Ferguson was the night-shift sergeant at the Jackson County Jail during McLemore's confinement; are without knowledge or information sufficient to form a belief as to whether Ferguson was often the highest ranking officer on site at the jail during his shift; admit Ferguson's duties include following and enforcing jail policies and procedures; admit that, as an employee of the Jackson County Jail, Ferguson has constitutionally imposed duties with regard to inmates within the Jackson County Jail; deny he breached any constitutional duty owed to

Joshua McLemore regarding the conditions of confinement or the medical and mental health treatment McLemore was to receive while incarcerated in the Jackson County Jail; admit Ferguson was acting under color of state law during the relevant time period; admit Ferguson is sued in his individual capacity; admit the allegations in Plaintiff's Complaint allege matters occurring in Indiana and in this judicial district, but deny the merits of those allegations; and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

16.    With regard to the allegations contained in paragraph 16 of Plaintiff's Complaint, the Jackson County Defendants admit Defendant Milton Edward Rutan was, during the time period relevant to Plaintiff's Complaint, a licensed practical nurse employed at the Jackson County Jail; admit Rutan was the only medical professional employed at the jail during the time period relevant to Plaintiff's Complaint; admit Rutan was responsible for providing medical services within the scope of his license to persons confined at the jail; admit Rutan could refer patients to higher-level medical providers when a patient presents symptoms beyond his authority to diagnose or treat; admit Rutan is a resident of Indiana; admit Rutan was acting under color of state law during the time period relevant to Plaintiff's Complaint; admit Rutan is sued in his individual capacity; admit the allegations in Plaintiff's Complaint allege matters occurring in Indiana and in this judicial district, but deny the merits of those allegations; and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

17.    With regard to the allegations contained in paragraph 17 of Plaintiff's Complaint, the Jackson County Defendants admit Defendant Ronald Everson, M.D., provided physician services to the Jackson County Jail pursuant to the contract with Defendant Advanced

Correctional Healthcare; admit Dr. Everson is being sued in his individual capacity; admit the allegations in Plaintiff's Complaint allege matters occurring in Indiana and in this judicial district; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint.

## IV.     FACTS

19.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint.

B.     To the extent the Jackson County Defendants are required to respond to the allegations contained in Heading B of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

23.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint.

24.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     With regard to the allegations contained in paragraph 34 of Plaintiff's Complaint, the Jackson County Defendants admit police transported McLemore to the Jackson County Jail, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

35.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Complaint.

C.     To the extent the Jackson County Defendants are required to respond to the allegations contained in Heading C of Plaintiff's Complaint, Defendants deny the allegations.

38.     With regard to paragraph 38 of Plaintiff's Complaint, the Jackson County Defendants admit Padded Cell 7 is a small cell located a few feet from the book-in area officers station, admit the cell was empty and bare when the officers placed McLemore in the cell, admit the cell is brightly-lit, admit the cell is windowless, admit the cell has an opening in the door covered by a steel flap, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     With regard to the allegations contained in paragraph 42 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation

contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

43.    The Jackson County Defendants admit the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.    The Jackson County Defendants admit the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.    The Jackson County Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.    The Jackson County Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

D.    To the extent the Jackson County Defendants are required to respond to the allegations contained in Heading D of Plaintiff's Complaint, Defendants deny the allegations.

47.    With regard to the allegations contained in paragraph 47 of Plaintiff's Complaint, the Jackson County Defendants respond that the Indiana State Police report speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

48.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.    With regard to the allegations contained in paragraph 49 of Plaintiff's Complaint, the Jackson County Defendants respond that the video named as Exhibit 2 speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

E.    To the extent the Jackson County Defendants are required to respond to the allegations contained in Heading E of Plaintiff's Complaint, Defendants deny the allegations.

50.    With regard to the allegations contained in paragraph 50 of Plaintiff's Complaint, the Jackson County Defendants admit Padded Cell 7 is a dry cell and that detainees in that cell must request access to use the adjoining restroom, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of Plaintiff's Complaint.

51.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.    The Jackson County Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

F.    To the extent the Jackson County Defendants are required to respond to the allegations contained in Heading F of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Heading.

53.    With regard to the allegations contained in paragraph 53 of Plaintiff's Complaint, the Jackson County Defendants respond that Indiana law and the Jail's policies and procedures speak for themselves, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of Plaintiff's Complaint.

54.    With regard to the allegations contained in paragraph 54 of Plaintiff's Complaint, the Jackson County Defendants admit McLemore was placed in WRAP and helmet on July 25,

2021 to prevent McLemore from hurting himself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

55.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.    The Jackson County Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.    The Jackson County Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.    The Jackson County Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.    With regard to the allegations contained in paragraph 61 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

62.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiff's Complaint.

63.     With regard to the allegations contained in paragraph 63 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

64.     The Jackson County Defendants deny the allegations contain in paragraph 64 of Plaintiff's Complaint.

65.     The Jackson County Defendants deny the allegations contain in paragraph 65 of Plaintiff's Complaint.

66.     The Jackson County Defendants deny the allegations contained in paragraph 66 of Plaintiff's Complaint.

67.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     The Jackson County Defendants deny the allegations contain in paragraph 68 of Plaintiff's Complaint.

G.     To the extent the Jackson County Defendants are required to respond to the allegations contained in Heading G of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

69.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's Complaint.

70.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's Complaint.

71.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiff's Complaint.

72.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of Plaintiff's Complaint.

73.     The Jackson County Defendants deny the allegations contained in paragraph 73 of Plaintiff's Complaint.

74.     The Jackson County Defendants deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

75.     The Jackson County Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of Plaintiff's Complaint.

77.     With regard to the allegations contained in paragraph 77 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation

contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

78.    The Jackson County Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint.

79.    The Jackson County Defendants deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

80.    With regard to the allegations contained in paragraph 80 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

81.    With regard to the allegations contained in paragraph 81 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

82.    With regard to the allegations contained in paragraph 82 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

83.    With regard to the allegations contained in paragraph 83 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

84.     With regard to the allegations contained in paragraph 84 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

85.     With regard to the allegations contained in paragraph 85 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

86.     With regard to the allegations contained in paragraph 86 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

87.     With regard to the allegations contained in paragraph 87 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

88.     With regard to the allegations contained in paragraph 88 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

89.     With regard to the allegations contained in paragraph 89 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation

contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

90.    With regard to the allegations contained in paragraph 90 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

91.    With regard to the allegations contained in paragraph 91 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

92    With regard to the allegations contained in paragraph 92 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

93.    With regard to the allegations contained in paragraph 93 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

94.    With regard to the allegations contained in paragraph 94 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

95.    With regard to the allegations contained in paragraph 95 of Plaintiff's Complaint, the Jackson County Defendants respond that the video speaks for itself, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

96.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of Plaintiff's Complaint.

97.    With regard to the allegations contained in paragraph 97 of Plaintiff's Complaint, the Jackson County Defendants admit McLemore was airlifted to Mercy West Hospital in Cincinnati, Ohio, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of Plaintiff's Complaint.

98.    The Jackson County Defendants admit the allegations contain in paragraph 98 of Plaintiff's Complaint.

99.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of Plaintiff's Complaint.

100.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of Plaintiff's Complaint.

101.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of Plaintiff's Complaint.

102.     The Jackson County Defendants deny the allegations contained in paragraph 102 of Plaintiff's Complaint.

I.     To the extent the Jackson County Defendants are required to respond to the allegations contained in Heading I of Plaintiff's Complaint, said allegations are denied.

103.     With regard to the allegations contained in paragraph 103 of Plaintiff's Complaint, the Jackson County Defendants admit the Jackson County Prosecuting Attorney concluded in his report that "McLemore likely died to prolonged lack of attention by Jackson County Jail staff as a group," but deny all other allegations contained in said paragraph.

104.     With regard to the allegations contained in paragraph 104 of Plaintiff's Complaint, the Jackson County Defendants admit Sheriff Meyer is and was a county policymaker with authority over jail policy and operations, admit his actions in his official capacity are attributable to Jackson County for 42 U.S.C. § 1983 purposes, deny his actions violated McLemore's constitutional rights, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

105.     The Jackson County Defendants deny the allegations contain in paragraph 105 of Plaintiff's Complaint.

106.     With regard to the allegations contained in paragraph 106 of Plaintiff's Complaint, the Jackson County Defendants admit Sheriff Meyer was present on July 27, 2021 while officers restrained McLemore so he could be showered and his cell cleaned; deny the other officers used unreasonable force or restraint in securing McLemore, deny the officers' actions were unreasonable or in violation of jail policy, deny the officers' actions were done for the officers' convenience and not for necessity, deny Meyer needed to intervene, deny Meyer's actions or the other officers' actions violated McLemore's constitutional rights, and deny any

allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

107.    The Jackson County Defendants deny the allegations contain in paragraph 107 of Plaintiff's Complaint.

108.    The Jackson County Defendants deny the allegations contain in paragraph 108 of Plaintiff's Complaint.

109.    With regard to the allegations contained in paragraph 109 of Plaintiff's Complaint, the Jackson County Defendants admit Sheriff Meyer is and was a county policymaker, admit his actions in his official capacity are attributable to Jackson County for 42 U.S.C. § 1983 purposes, and deny all other allegations contained in paragraph 109 of Plaintiff's Complaint.

110.    The Jackson County Defendants deny the allegations contain in paragraph 110 of Plaintiff's Complaint.

111.    With regard to the allegations contained in paragraph 111 of Plaintiff's Complaint, the Jackson County Defendants admit Jail Commander Chris Everhart is and was a county policymaker with authority over jail policy and operations, admit his actions in his official capacity are attributable to Jackson County for 42 U.S.C. § 1983 purposes, deny his actions violated McLemore's constitutional rights, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

112.    The Jackson County Defendants deny the allegations contain in paragraph 112 of Plaintiff's Complaint.

113.    With regard to the allegations contained in paragraph 113 of Plaintiff's Complaint, the Jackson County Defendants admit Everhart was present on July 27, 2021 while

officers restrained McLemore so he could be showered and his cell cleaned; deny officers used unreasonable force or restraint in securing McLemore, deny the officers' actions were unreasonable or in violation of jail policy, deny the officers' actions were done for the officers' convenience and not for necessity, deny Everhart needed to intervene, deny Everhart's actions or the other officers' actions violated McLemore's constitutional rights, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

114.    With regard to the allegations contained in paragraph 114 of Plaintiff's Complaint, the Jackson County Defendants admit Everhart spoke with McLemore's mother on July 27, 2021, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 114 of Plaintiff's Complaint.

115.    The Jackson County Defendants deny the allegations contain in paragraph 115 of Plaintiff's Complaint.

116.    With regard to the allegations contained in paragraph 116 of Plaintiff's Complaint, the Jackson County Defendants admit Jail Commander Everhart is and was a county policymaker, admit his actions in his official capacity are attributable to Jackson County for 42 U.S.C. § 1983 purposes, and deny all other allegations contained in paragraph 116 of Plaintiff's Complaint.

117.    The Jackson County Defendants deny the allegations contain in paragraph 117 of Plaintiff's Complaint.

118.    The Jackson County Defendants deny the allegations contained in paragraph 118 of Plaintiff's Complaint.

119.    The Jackson County Defendants admit the allegations contain in paragraph 119 of Plaintiff's Complaint.

120.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of Plaintiff's Complaint.

121.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of Plaintiff's Complaint.

122.    The Jackson County Defendants admit the allegations contain in paragraph 122 of Plaintiff's Complaint.

123.    The Jackson County Defendants deny the allegations contained in paragraph 123 of Plaintiff's Complaint.

124.    The Jackson County Defendants deny the allegations contained in paragraph 124 of Plaintiff's Complaint.

125.    The Jackson County Defendants deny the allegations contained in paragraph 125 of Plaintiff's Complaint.

126.    The Jackson County Defendants deny the allegations contain in paragraph 126 of Plaintiff's Complaint.

127.    The Jackson County Defendants deny the allegations contain in paragraph 127 of Plaintiff's Complaint.

128.    The Jackson County Defendants deny the allegations contain in paragraph 128 of Plaintiff's Complaint.

129.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of Plaintiff's Complaint.

130.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of Plaintiff's Complaint.

131.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of Plaintiff's Complaint.

132.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of Plaintiff's Complaint.

133.     With regard to the allegations contained in paragraph 133, the Jackson County Defendants admit Defendant Rutan did not have personal contact with McLemore on July 23, 24, and 25th, deny Rutan "ignored" McLemore, and deny any allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

134.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of Plaintiff's Complaint.

135.     With regard to the allegations contained in paragraph 135 of Plaintiff's Complaint, the Jackson County Defendants admit Rutan was present at the jail on July 27th,

deny the guards forcibly removed McLemore from his cell, admit the video speaks for itself, and deny any remaining allegations contained in said paragraph.

136.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of Plaintiff's Complaint.

137.    The Jackson County Defendants admit the allegations contain in paragraph 137 of Plaintiff's Complaint.

138.    The Jackson County Defendants deny the allegations contained in paragraph 138 of Plaintiff's Complaint.

139.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of Plaintiff's Complaint.

140.    The Jackson County Defendants deny the allegations contained in paragraph 140 of Plaintiff's Complaint.

141.    The Jackson County Defendants deny the allegations contained in paragraph 141 of Plaintiff's Complaint.

142.    With regard to the allegations contained in paragraph 142, the Jackson County Defendants admit jail policy requires a healthcare professional to conduct a health evaluation on all detainees within 14 days of their admission to the jail, admit the evaluation includes a mental health history, vital signs, and symptom data, admit Defendant Rutan did not complete the evaluation for McLemore, and deny all remaining allegations contained in said paragraph and any allegation that is inconsistent with the foregoing or not specifically referenced herein.

143.    With regard to the allegations contained in paragraph 143, the Jackson County Defendants admit jail policy requires a healthcare professional to conduct a mental health evaluation on all detainees within 14 days of their admission to the jail, admit persons who screened positive for mental health issues are referred to a qualified mental health professional for further evaluation, admit detainees in need of acute mental health services beyond those available at the jail are transferred to an appropriate facility, admit Defendant Rutan did not complete the evaluation for McLemore, and deny all remaining allegations contained in said paragraph and any allegation that is inconsistent with the foregoing or not specifically referenced herein.

144.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of Plaintiff's Complaint.

145.    The Jackson County Defendants deny the allegations contained in paragraph 145 of Plaintiff's Complaint.

146.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of Plaintiff's Complaint.

147.    The Jackson County Defendants deny the allegations contain in paragraph 147 of Plaintiff's Complaint.

148.    The Jackson County Defendants deny the allegations contain in paragraph 148 of Plaintiff's Complaint.

149.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of Plaintiff's Complaint.

150.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of Plaintiff's Complaint.

151.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of Plaintiff's Complaint.

152.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of Plaintiff's Complaint.

153.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of Plaintiff's Complaint.

154.    The Jackson County Defendants deny the allegations contain in paragraph 154 of Plaintiff's Complaint.

155.    The Jackson County Defendants deny the allegations contain in paragraph 155 of Plaintiff's Complaint.

156.    The Jackson County Defendants deny the allegations contain in paragraph 156 of Plaintiff's Complaint.

157.    The Jackson County Defendants deny the allegations contain in paragraph 157 of Plaintiff's Complaint.

158.     The Jackson County Defendants deny the allegations contained in paragraph 158 of Plaintiff's Complaint.

159.     The Jackson County Defendants admit the allegations contain in paragraph 159 of Plaintiff's Complaint.

160.     The Jackson County Defendants deny the allegations contain in paragraph 160 of Plaintiff's Complaint.

161.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of Plaintiff's Complaint.

162.     The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of Plaintiff's Complaint.

163.     The Jackson County Defendants deny the allegations contain in paragraph 163 of Plaintiff's Complaint.

164.     The Jackson County Defendants deny the allegations contain in paragraph 164 of Plaintiff's Complaint.

165.     The Jackson County Defendants deny the allegations contain in paragraph 165 of Plaintiff's Complaint.

166.     The Jackson County Defendants deny the allegations contain in paragraph 166 of Plaintiff's Complaint.

167.     The Jackson County Defendants deny the allegations contain in paragraph 167 of Plaintiff's Complaint.

168.    The Jackson County Defendants deny the allegations contain in paragraph 168 of Plaintiff's Complaint.

169.    The Jackson County Defendants deny the allegations contain in paragraph 169 of Plaintiff's Complaint.

170.    The Jackson County Defendants deny the allegations contain in paragraph 170 of Plaintiff's Complaint.

171.    The Jackson County Defendants deny the allegations contain in paragraph 171 of Plaintiff's Complaint.

172.    The Jackson County Defendants deny the allegations contain in paragraph 172 of Plaintiff's Complaint.

173.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 of Plaintiff's Complaint.

174.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of Plaintiff's Complaint.

175.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175 of Plaintiff's Complaint.

176.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 of Plaintiff's Complaint.

177.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177 of Plaintiff's Complaint.

178.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178 of Plaintiff's Complaint.

179.    The Jackson County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179 of Plaintiff's Complaint.

180.    The Jackson County Defendants deny the allegations contain in paragraph 180 of Plaintiff's Complaint.

WHEREFORE, the Jackson County Defendants pray Plaintiff take nothing by way of the Complaint, for Judgment in their favor, for their costs expended in this action, and for all other just and proper relief in the premises.

## **OTHER/AFFIRMITIVE DEFENSES**

1.    The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    The Plaintiff's Complaint is barred on the basis that the Defendants are immune from liability for the matters asserted in the Plaintiff's Complaint.

3.    The Plaintiff's Complaint against the Defendants in their Individual Capacities is barred on the basis of qualified immunity because the Defendants' conduct toward Plaintiff and the Plaintiff's decedent did not violate any constitutional, statutory, or regulatory right of the Plaintiff or Plaintiffs' decedent of which a reasonable person in their position would have been aware.

4.      At all times relevant hereto, the Defendants acted reasonably and good faith, without malice, and within the scope of their authority, and their conduct toward Plaintiff and Plaintiff's decedent was not in willful or reckless disregard of any constitutional, statutory, or regulatory rights of the Plaintiff or Plaintiff's decedent.

5.      To the extent that any Defendant owed a legal duty to the Plaintiff or the Plaintiff's decedent regarding the condition of the Plaintiff's decedent's confinement, Defendants reasonably provided or made available to Plaintiff's decedent such care, treatment, services, or assistance required by law.

**REQUEST FOR TRIAL BY JURY**

The Jackson County Defendants, by counsel, hereby respectfully request a trial by jury on all issues so triable.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By:     */s/ Katherine E. Tapp*
        R. Jeffrey Lowe, Atty. No. 21508-22
        Katherine E. Tapp, Atty. No. 35386-22
        KIGHTLINGER & GRAY, LLP
        Bonterra Building, Suite 200
        3620 Blackiston Boulevard
        New Albany, Indiana 47150
        jlowe@k-glaw.com
        ktapp@k-glaw.com
        Phone:  (812) 949-2300
        Fax:  (812) 949-8556
        *Counsel for Jackson County, Indiana,*
        *Rick Meyer, Jackson County Sheriff,*
        *Chris Everhart, Jackson County Jail*
        *Commander, Scott Ferguson and*
        *Milton Edward Rutan*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the **12th day of June, 2023,** the foregoing Answer was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Edwin S. Budge
Hank Balson
Erik J. Heipt
BUDGE & HEIPT, PLLC
808 E. Roy Street
Seattle, WA 98102
ed@budgeandheipt.com
hank@budgeandheipt.com
erik@budgeandheipt.com
*Attorneys for Plaintiff*

Carol A. Dillon
Austin R. Andreas
BLEEKE DILLON CRANDALL, P.C.
8470 Allison Pointe Blvd., Suite 420
Indianapolis, IN 46250-4365
carol@bleekedilloncrandall.com
austin@bleekedilloncrandall.com
*Counsel for Defendants,*
*Advanced Correctional Healthcare, Inc. and*
*Ronald Everson MD*

*/s/ Katherine E. Tapp*
R. Jeffrey Lowe/Katherine E. Tapp
KIGHTLINGER & GRAY, LLP

214319\62977169-1